## Richmond

### JUDITH L. JONES

### V.

### JAMES D. WILLARD, OWNER, LUV'N TIME AND THE VIRGINIA EMPLOYMENT COMMISSION

January 21, 1983.

Record No. 800902.

Present: All the Justices.

*Joseph J. McCarthy* for appellant.

*Robert J. Barry, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

The question on appeal concerns the nature and extent of a circuit court's jurisdiction to review a decision of the Virginia Employment Commission.

Based upon Judith L. Jones' statement that "she was discharged because she closed the store 15 minutes early one night due to an emergency," a deputy commissioner allowed her claim for unemployment compensation benefits. In a letter dated March 30, 1979, accompanying an appeal to the appeals examiner, the employer advised the Commission that claimant "was *not* fired" but only "temporarily relieved of duty until she could discuss the matter with me". Although both claimant and her employer were notified that a hearing would be conducted on April 26, 1979, and that such hearing "may be the only opportunity to present evidence and testimony," neither appeared. By decision dated April 30, 1979, the appeals examiner found that claimant "left work voluntarily without good cause" and reversed the award. The Commission affirmed the examiner's decision on June 14, 1979, and notified claimant that she was entitled to petition the circuit court for a review.

Alleging in her petition that "the record of the examiner is incomplete" and that the Commission's decision was the result of fraud committed by the employer, claimant prayed that the court "reverse the decision . . . and award her the compensation . . . or . . . remand the case for further hearing and examination of the evidence."

At the hearing in the circuit court, claimant offered testimony to prove her allegation of fraud. Over the Commission's objection, the judge admitted the evidence, but only for purposes of preserving the record. Claimant testified that she had closed the store early in order to take a friend who had suffered a diabetic seizure to the hospital. Contradicting the employer's statement in the

March 30 letter that she was temporarily suspended, she said that she was permanently dismissed. Her immediate supervisor, Susan Brandon, testified that she fired claimant because she "felt pressure" from the employer and that the dismissal was "final and irrevocable". After the claim was filed, Brandon said, the employer approached her and asked her to support his position before the Commission.

According to the record stipulated by the parties, claimant further testified that

the Employer at first assured the Petitioner that she would not be hindered in her attempts to obtain unemployment compensation. Later, however, the Employer told the Petitioner that she should drop her claim for unemployment compensation. He told her he could make a few phone calls and the Petitioner would have nothing more to worry about. The Petitioner felt threatened by this statement and decided to avoid the hearing before the Appeals Examiner.

In a final order confirming the Commission's decision and dismissing the petition, the circuit court ruled

that the language of [Code] § 60.1-67 providing that "the findings of the Commission as to the facts, if supported by the evidence and *in the absence of fraud*, shall be conclusive," refers to fraud on the part of an agent or employee of the Virginia Employment Commission. Fraud alleged to be committed by the Commission may be examined by the Court and cause the Commission's findings to be set aside. However, fraud alleged to be committed by a party may amount only to conflicting testimony and is within the jurisdiction of the Commission to weigh, and not of this Court.

On brief, claimant argues that Code § 60.1-67 (now, § 60.1-67.1), "can be easily construed to encompass fraud by a party to an unemployment claim" as well as fraud by a member or agent of the Commission. In the alternative, she argued at bar that the trial judge should have granted the prayer of her petition to remand the case to the Commission for a hearing on her allegation of fraud.

So far as relevant to this appeal, the statute provides:

> In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law.

■ This provision, which expressly limits the jurisdiction of a circuit court in its review of a decision by the Commission, was copied substantially from a draft statute submitted to the several states by federal authorities. Acts Ex. Sess. 1936-37, c. 1. *Cf.* Draft Bills for State Unemployment Compensation of Pooled Fund and Employer Reserve Account Types § 6(i) (Social Security Board 1936). We agree with claimant that the language employed is subject to "various interpretations". But, in the administration of the Virginia Unemployment Compensation Act, the Commission has consistently invoked and, so far as the record discloses, circuit courts have uniformly applied, the construction applied by the trial judge in this case.[1] Although the General Assembly has repealed and reenacted the Act, Acts 1968, c. 738, and amended the reenactment in several particulars, the language in issue remains unchanged.

Since it appears that, for more than a quarter-century, the legislature has acquiesced in the construction applied in practice, we adopt that construction as a rule of law. Specifically, we hold that under Code § 60.1-67.1, circuit courts have original jurisdiction over questions of fraud allegedly committed by a member or agent of the Commission, but that, with respect to questions of fraud allegedly committed by an employer or an employee, their jurisdiction is limited to appellate review of the record of the administrative proceedings.

Applying the rule we have adopted, we affirm the circuit court's ruling that it had no jurisdiction to adjudicate the fraud issue claimant raised for the first time in that court. We are of opinion, however, that the court erred in rejecting claimant's prayer to remand the cause to the Commission for a hearing on that issue.

■ Code § 60.1-67.1 does not expressly empower a reviewing court to remand a cause to the Commission. But, absent a specific mandate to the contrary, a statutory grant of appellate jurisdic-

---

[1] The trial judge's construction is in accord with the general rule that "judicial review of action of an administrative agency is not de novo but is limited to the record made in the proceeding before the agency, and the courts decline to hear new or additional evidence. . . ." 2 Am. Jur. 2d Administrative Law § 697, p. 593 (1962) (footnote omitted).

tion necessarily implies such a power. "It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points." *Ford Motor Co. v. Labor Board*, 305 U.S. 364, 373 (1939) (footnotes omitted). And "an appellate court is not without recourse in the event it finds itself unable to exercise informed judicial review because of an inadequate administrative record. In such a situation, an appellate court may always remand a case to the agency for further consideration." *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594 (1980) (footnote omitted). In our view, that is the situation here.

The Commission's decision to disallow benefits rested upon the finding of the appeals examiner that claimant had left work without just cause. That finding was based solely upon evidence introduced by the employer. In her petition for review, claimant challenged the finding on the ground the underlying record was incomplete. The testimony admitted provisionally by the circuit court was designed to show that, in proceedings before the examiner, claimant was prevented, by intimidation practiced by her employer, from proving her case. If so, the employer was guilty of extrinsic fraud.

The judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final; the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time. *Rowe v. Coal Corp.*, 197 Va. 136, 143, 87 S.E.2d 763, 767-68 (1955); *O'Neill v. Cole*, 194 Va. 50, 56-57, 72 S.E.2d 382, 385-86 (1952); *McClung v. Folks*, 126 Va. 259, 268-73, 101 S.E. 345, 347-49 (1919); *Justis v. Georgia Industrial Co.*, 109 Va. 366, 369-70, 63 S.E. 1084, 1085 (1909). *See also Buchanan v. Buchanan*, 170 Va. 458, 464, 197 S.E. 426, 428-29 (1938) (only void judgments subject to collateral attack).

The same rules apply with equal logic to a decision of the Commission. If the Commission's decision was procured by intrinsic fraud, its decision is voidable until it becomes final. If the Commission's decision was procured by extrinsic fraud, then its

decision is void, the claim must be considered *ab initio*, and a new decision must be rendered. While the court below had no jurisdiction to adjudicate *de novo* any question of fraud on the part of the employer, intrinsic or extrinsic, the court had jurisdiction implicit in Code § 60.1-67.1 to remand the cause to the Commission for determination of the issue raised by claimant. Because we believe that "justice demands that course", we will direct the circuit court to pursue it.[2]

■ We hold that when a party aggrieved by a decision of the Virginia Employment Commission alleges in his petition for review that the decision was procured by extrinsic fraud committed by the successful party and submits with the petition a proffer of proof, verified by affidavits of witnesses, the circuit court shall remand the cause to the Commission for a hearing on the issue if, upon review of the proffer and argument by counsel, the court finds the proffer sufficient as a matter of law to establish a *prima facie* case of such fraud.[3]

Accordingly, the judgment will be affirmed in part and reversed in part, and we will remand the cause to the circuit court with instructions to enter an order remanding the claim to the Commission for a hearing on the question whether its decision was procured by extrinsic fraud. After that question is determined, the Commission's decision on the claim will be subject to further judicial review upon petition of the party aggrieved.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

[2] On brief, the Commission argues that claimant should have filed a petition under Code § 8.01-644 for a writ of mandamus "compelling VEC to grant a new evidentiary hearing." In argument at bar, the Commission agreed that, in the interest of judicial economy, the remand procedure would be preferable.

[3] Compare Model State Administrative Procedure Act § 15(e), 14 U.L.A. 430 (1961), which provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.