## CIRCUIT COURT OF LOUDOUN COUNTY

Patricia F. Moller

v.

Leif Moller

Case No. (Chancery) 10500

By JUDGE JAMES H. CHAMBLIN

September 25, 1987

This matter is before the Court on the demurrer of the defendant, Leif Moller, to the Bill of Complaint to Set Aside Property Settlement Agreement filed by the complainant, Patricia Fairbanks Moller.

For the reasons hereinafter stated, the demurrer is sustained.

Mrs. Moller is asking that the property settlement agreement that she and Mr. Moller signed, and which was incorporated in their final divorce decree entered by this Court on May 7, 1984, be set aside on the grounds of fraud and duress perpetrated by Mr. Moller in order to induce Mrs. Moller to sign the agreement. Because the agreement was incorporated in and became a part of the aforesaid divorce decree, the agreement becomes a part of the judgment of the divorce court.

Mrs. Moller did not contest the agreement or its incorporation in the final divorce decree. Virginia public policy encourages the resolution of property disputes in divorce cases through voluntary court approved agreements. *See Morris v. Morris*, 216 Va. 457, 459 (1975); *Forest v. Forest*, 3 Va. App. 236, 240 (1986). However, a party is not forever precluded from attacking the validity of a property settlement agreement. It can be done in

a separate action under Virginia Code Section 8.01-428 (c) to relieve such party from the judgment or to set aside the decree for fraud upon the court. This concept was recognized by the Court of Appeals of Virginia in *Forest* at pages 240 and 241.

Mrs. Moller can have no relief unless and until she can prove by clear and convincing evidence that Mr. Moller perpetrated a fraud upon the court when the divorce decree was entered on May 7, 1984. Fraud upon the court is also at times referred to as extrinsic fraud. *See Jones v. Willard*, 224 Va. 602 (1983); *Wallihan v. Hughes*, 196 Va. 117 (1954). If a judgment is procured by extrinsic fraud, i.e. the conduct of a party prevented a fair submission of the controversy to the court, then such a judgment is void *ab initio* and subject to direct or collateral attack at any time. On the other hand, if the judgment is procured by intrinsic fraud, i.e. perjury or forged documents, then such a judgment is subject only to direct attack before the judgment becomes final. *Jones v. Willard*, *supra.*

Where a party has had a full opportunity to challenge a property settlement agreement in the divorce proceeding where it was submitted to the court for incorporation in the final decree of divorce, then that party will not be allowed to attack the validity of the decree after it has become final. *Wallihan v. Hughes*, *supra*; *Higgins v. McFarland*, 196 Va. 889 (1955).

Counsel for Mrs. Moller has cited to the court cases from other jurisdictions purporting to stand for the proposition that fraud committed in securing the agreement will be tantamount to extrinsic fraud. After review of these cases, I feel that each case was decided on its own peculiar facts, not on labels of "extrinsic" or "intrinsic" fraud. I agree with counsel that this specific issue has not been addressed by the appellate courts of Virginia. The cases from other jurisdictions referred to above and the references to similar issues in Virginia cases such as *Wallihan*, *Higgins*, and *Jones* are persuasive toward a position that the divorce decree which incorporated the agreement is a judgment that cannot be later attacked unless the complaining party can show that the other party's conduct prevented a fair submission of the controversy to the divorce court. This concept co-exists with the

policy that there must be an end to litigation with all issues involved in a case being resolved by a final judgment. This is, in other words, the policy behind *res judicata*.

On demurrer, the allegations of the Bill of Complaint are taken as being true. The Bill of Complaint does allege facts showing fraud and duress on the part of Mr. Moller, but, significantly, the time frame of such facts either is not shown or the facts secured prior to the entry of the decree. Further, the following is a non-inclusive list of observations about the Bill of Complaint.

1. The agreement dated February 10, 1983, is not made a part of the Bill of Complaint.

2. The proceedings in the divorce suit are not made a part of the Bill of Complaint.

3. There are no allegations concerning the refusal or acceptance, in whole or in part, of the benefits of the agreement by Mrs. Moller.

4. The almost complete lack of references to the dates and times at which the alleged fraud and/or duress occurred.

5. There is no description of the "financial matters" in paragraph 26 of the Bill of Complaint which Mr. Moller is alleged to have failed to disclose to Mrs. Moller.

6. The repeated use of the words "convinced" and "represented" in characterizing Mr. Moller's actions towards Mrs. Moller which caused her to do or not to do certain acts.

The Bill of Complaint fails to allege facts which show that Mr. Moller prevented Mrs. Moller from having an opportunity to challenge the agreement in the divorce suit. Contrary to the position advanced by Mrs. Moller, I believe that fraud in the securing of the agreement should not be automatically elevated to extrinsic fraud or fraud upon the court only because the agreement is made a part of the divorce case.

Aside from the issue of fraud and duress, I feel that the Bill of Complaint is also deficient in that it does not allege Mrs. Moller's willingness and ability to tender to Mr. Moller all the rights and property she acquired under the contract, or, if she cannot do so, such facts to show why she is not able to tender such rights and property to restore Mr. Moller to the status

quo. The foregoing is a necessary allegation in any suit for rescission of a contract. *See* 16 Michie's Jurisprudence, *Rescission, Cancellation and Reformation*, Section 20.

Mr. Odin [may] prepare a decree sustaining the demurrer and granting Mrs. Moller twenty-one days after entry of the decree to file an Amended Bill of Complaint if she be so advised.

### April 11, 1988

This cause is before the Court on the demurrer of the Defendant, Leif Moller, to the first Amended Bill of Complaint filed herein by the Complainant, Patricia Fairbanks Moller Sheridan (formerly Patricia Fairbanks Moller), to obtain relief from a property settlement agreement incorporated into a decree of divorce.

For the reasons hereinafter set forth, the demurrer is sustained, and, because the Complainant has already been granted leave to amend her Bill of Complaint once previously, she will not be granted further leave to amend, and this cause will be dismissed with prejudice.

It is evident from the First Amended Bill of Complaint, oral argument of counsel for the Complainant on March 18, 1988, and the Complainant's Memorandum filed the same date, that this is a proceeding under Virginia Code Section 8.01-428(C) to attack the divorce decree entered by this Court on May 7, 1984, which affirmed, ratified, and incorporated by reference the property settlement agreement between the parties dated February 10, 1983 (the "Agreement"). That statute provides that a decree may be set aside for fraud upon the Court. Such fraud must be extrinsic fraud, i.e. the conduct of the Defendant prevented a fair submission of the controversy to the Court. *Jones v. Willard*, 224 Va. 602 (1983).

The allegations of the First Amended Bill of Complaint are of fraud on the part of the Defendant inducing the execution of the Agreement by the Complainant in February, 1983. No facts are alleged which show that the Defendant perpetuated a fraud by keeping the Complainant from litigating the validity of the Agreement in the divorce case. The Complainant instituted the suit for divorce on March 6, 1984. Both the Complainant in her Bill of Complaint and the Defendant in his answer asked the Court to ratify,

affirm, and incorporate the Agreement in the final divorce decree. The final divorce decree was endorsed, "We ask for this" by counsel for both parties. These facts as alleged must be taken as true for purposes of the demurrer.

While counsel have not cited and I have not found a Virginia case squarely on point, I do believe that *Rook v. Rook*, 233 Va. 92 (1987), is persuasive. Following the reasoning of *Rook*, I feel that in order to obtain any relief, the Complainant must attack the final divorce decree. Because the Complainant and the Defendant asked the Court to ratify, affirm, and incorporate the decree, they made the validity of the Agreement an issue in the divorce case. The divorce decree did not invalidate the Agreement, and it became final after twenty-one days under Rule 1:1. The Complainant in this case does not allege any facts which show she was prevented from submitting the issue of the possible invalidity of the Agreement to the divorce court. There is no allegation in the First Amended Bill of Complaint as to when the Complainant learned of the fraud allegedly perpetrated by the Defendant.

The main allegation of fraud concerns misrepresentations by the Defendant of the value of certain real estate which the Complainant acquired under the Agreement. Both parties were represented by counsel during the negotiation of the Agreement, and in such a situation, I do not feel the Complainant had any right to rely under any fiduciary theory on the Defendant's statements as to the value of the property. *See Barnes v. Barnes*, 241 Va. 39 (1986). There is no allegation that the Defendant prevented the Complainant from obtaining outside information as to the property's value. Ordinarily, a mere statement of one's opinion as to value is not fraud. *See Strickland v. Cantonwine*, 140 Va. 193 (1924).

Even if the Complainant were to make out a case of extrinsic fraud under § 8.01-428(C), then the Complainant's relief would only be a setting aside of that portion of the decree ratifying, affirming, and incorporating the Agreement. It would place the parties in a position to litigate the issue of the validity of the Agreement. The Complainant would then have to make out a case for setting aside or rescinding the Agreement. In this case, the Complainant asks for not only a setting aside of the portion of the divorce decree ratifying, affirming,

and incorporating the Agreement, but also a determination of the marital estate under Virginia Code § 20-107.3 and to "distribute the same so that each of the parties receives approximately one-half of the marital assets as originally agreed between the parties." As a matter of law, the Court in this proceeding cannot determine the marital estate because this is not a divorce proceeding. The latter prayer of the Amended Bill appears to be a hybrid between partition (possibly) and a judicial determination that the parties had an oral agreement to divide the marital assets equally. If it requests partition, then the Amended Bill does not contain the allegations required under Virginia Code Sections 8.01-81 et seq. or 20-107.3(C). If the amended Bill seeks to establish an oral agreement, then it should seek to rescind the Agreement first. I do not feel that the Complainant can have rescission of the Agreement because the Amended Bill shows that she has sold the property she received under the Agreement. There being no allegation of when she learned of the alleged fraud, the sale of the property she received under the Agreement shows she ratified the Agreement, obtained the benefits of it, and is not in a position to restore the parties to their positions prior to execution of the Agreement. In such a situation, she is not entitled to rescission.

Finally, in light of Virginia's strong public policy of encouraging the resolution of property disputes in divorce cases through Court approved agreements, the philosophy of *res judicata* and Rule 1:1, I am of the opinion that fraud in inducing one to enter into a property settlement agreement which is later ratified, affirmed, and incorporated in the final divorce decree does not in and of itself rise to the level of extrinsic fraud entitling the defrauded party to relief under § 8.01-428(C).