## CIRCUIT COURT OF LOUDOUN COUNTY

Carol G. Bragg

    v.

Raymond F. Bragg

November 27, 1989

Case No. (Chancery) 10752

■■■■■■

By JUDGE JAMES H. CHAMBLIN

After the argument and representations of counsel to the Court on November 20, 1989, the Court took under advisement Mr. Bragg's Motions for Sanctions under Section 8.01-271.1 arising out of Mrs. Bragg's original Motion to Increase Spousal Support and Maintenance, to Increase Child Support and Maintenance, and for Counsel Fees (the "original Motion") and her Amended Motion to Increase Spousal Support and Maintenance, to Increase Child Support and Maintenance, and for Counsel Fees (the "Amended Motion"). The original Motion was denied by decree entered July 12, 1989, and the Court has ruled that the Amended Motion be dismissed with prejudice in its opinion letter of October 10, 1989. All the memoranda filed and the authorities cited by counsel have also been considered.·

For the reasons hereinafter set forth, both Motions for Sanctions are denied.

I do not believe that § 8.01-271.1 was ever designed to reward a prevailing party. On the contrary, its purpose is to prevent frivolous litigation and abusive practices during litigation. Therefore, sanctions will not be imposed simply because Mr. Bragg prevailed on the original Motion and the Amended Motion.

Mr. Bragg's counsel asserts that Mrs. Bragg's two motions were not filed in good faith and were filed to

harass and intimidate Mr. Bragg. I must assume that such allegations refer to (ii) and (iii), respectively, of the second paragraph of § 8.01-271.1. Considering all the argument and representations of counsel, I cannot agree with either assertion.

As soon as Mr. Sattler saw the copy of Mr. Bragg's 1988 income tax return which was produced in discovery in the law action concerning the note payable to Raymond F. Bragg, Sr., it was quite reasonable for him to realize that at the very least Mr. Bragg may have committed perjury at the December, 1988, hearing. As such, Mr. Sattler had to do something about it. So he filed the original Motion. I realize the procedural context of the case at that time and its bearing on Mr. Sattler's decision.

Mr. Sattler's investigation before filing the original Motion gave him reason to believe that his actions were well grounded in fact. I find it very interesting that all during the arguments on this issue, Mr. Jacob has never said that Mr. Bragg was in fact making $70,000.00 a year in December, 1988, and he has never denied that Mr. Bragg was making $110,000.00 per year at that time. Mr. Bragg should have known that the production of his 1988 income tax return (showing income of $40,000.00 more than the salary he testified to at the December, 1988, hearing) would cause Mrs. Bragg to do something in the context of the litigation. Mr. Bragg's actions caused the motions to be filed by Mrs. Bragg.

The rule of *Jones v. Willard*, 224 Va. 602 (1988), should apply to all litigation. If the rule is going to yield and not be applicable in child support litigation for public policy or whatever other reasons, then that decision is one for an appellate court and not this trial court. However, I do feel that Mr. Sattler did make a good faith argument that the *Jones* rule should not apply to this case. I just do not agree with him.

I do not feel that the motions were interposed for any improper purpose. The motions were not frivolous, and they do not constitute abusive or harassing practice. Mr. Sattler reasonably felt his client had been wronged, and he sought a remedy. Considering the history of this case and all that has occurred, I have difficulty in finding that Mr. Bragg was, or is, intimidated by Mrs. Bragg's motions.