COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MALCOLM A. AGNEW

                                        MEMORANDUM OPINION[*]
v.   Record No. 1004-97-2                    PER CURIAM
                                        FEBRUARY 10, 1998
BAKER ROOFING COMPANY, INC.
AND
VIRGINIA EMPLOYMENT COMMISSION


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge

          (Marian K. Agnew, on briefs), for appellant.

          (Robert J. Barry; Kaufman & Canoles, P.C., on
          brief), for appellee Baker Roofing Company,
          Inc.

          (Richard Cullen, Attorney General; Lisa J.
          Rowley, Assistant Attorney General, on
          brief), for appellee Virginia Employment
          Commission.


     Malcolm A. Agnew appeals the decision of the circuit court

dismissing his petition for review of the determination of the

Virginia Employment Commission ("commission") that he was

ineligible for unemployment benefits.  Agnew contends that (1)

the commission erred in ruling that he received fair and

reasonable notice of the hearing before the appeals examiner, (2)

the commission erred by endorsing the decision of the appeals

examiner based on testimony given by Baker Roofing Company, Inc.

("Baker") when Agnew was unable to examine and cross-examine

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Baker's witnesses, (3) the commission erred in endorsing the decision of the special examiner, who violated the commission's rule for granting a new evidentiary hearing by refusing to take Agnew's proffered evidence of Baker's intrinsic and extrinsic fraud, and (4) the circuit court erred in failing to reverse the commission's ruling on the basis that Agnew failed to appear at the appeals examiner's hearing.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Facts

Agnew was discharged from his employment with Baker. Agnew applied for unemployment compensation benefits, and a claims deputy awarded benefits to Agnew. Baker appealed the award, and the commission mailed a Notice of Appeal to Agnew on December 7, 1995. By letter dated December 13, 1995, the commission informed Agnew that the appeals hearing was scheduled for December 28, 1995. Agnew acknowledges that he received the December 7, 1995 Notice of Appeal, but asserts that he was out of town for part of December 1995, and that when he returned to his residence on December 27, 1995, he "ignored the mountain of accumulated mail," including the notice of the December 28, 1995 hearing date. Agnew neglected to open the notice until December 28, 1995, after the hearing had already taken place. Therefore, Agnew failed to

appear at the hearing.  However, Baker appeared at the hearing and presented evidence.

By decision dated January 4, 1996, the appeals examiner reversed the decision of the claims deputy and disqualified Agnew from benefits due to misconduct connected to his work.

On January 18, 1996, Agnew appealed the appeals examiner's decision and, on March 18, 1996, Agnew's attorney noted her appearance.  On April 9, 1996, the commission issued a Notice of Commission Hearing.  The notice stated "[t]estimony and evidence is limited to whether the commission should direct the taking of additional testimony and evidence.  Oral argument will be permitted on all issues."

By letter dated April 9, 1996, the special examiner explained to Agnew the guidelines for determining whether the commission would accept additional evidence.  She further advised Agnew that, if she "decide[d] that additional evidence should be taken, then [she would] set aside the Appeals Examiner's decision and remand the case to the Appeals Examiner for that purpose."

On June 5, 1996, the hearing was conducted before the special examiner, and, by decision dated August 23, 1996, the commission affirmed the appeals examiner's disqualification of unemployment benefits.  Agnew filed an Objection and Notice of Appeal, which the commission treated as a request for reconsideration.  In this document, Agnew alleged that he was denied due process by the special examiner's decision not to

3

allow him to present additional evidence.  He further alleged that the findings of fact by the appeals examiner were "based on extrinsically fraudulent evidence easily refuted when Mr. Agnew is permitted to present testimony at a new hearing."

By letter dated September 3, 1996, the commission denied Agnew's request for reconsideration, stating that the findings of fact were supported by the evidence in the record and that the law was properly applied to the facts.  The commission disagreed that Agnew was denied due process or that the findings of the appeals examiner were procured by extrinsic fraud.

Agnew next filed a Petition for Judicial Review in the Circuit Court of Hanover County.  Baker filed a demurrer, and the trial court sustained the demurrer and dismissed the case.  Agnew filed a motion for reconsideration, which the trial court also denied, holding that no new issues were raised by the motion.

<u>Notice of Hearing</u>

Agnew first challenges the sufficiency of the notice of the appeals examiner's December 28, 1995 hearing.  Code § 60.2-620 provides that an appeal tribunal, "after affording the claimant and any other parties reasonable opportunity for a fair hearing, shall have jurisdiction to consider all issues with respect to the claim . . . ."  Agnew admits that he received the December 7, 1995 Notice of Appeal from the commission when Baker appealed the claims deputy's award for benefits.  This notice advised Agnew that "in the near future" he would receive notice of a hearing

4

before an appeals examiner and that the purpose of the hearing was to "receive evidence from the parties to make a decision with respect to the issues involved in the appeal." The notice further provided that "[t]his may be the only hearing at which you can give evidence. If there are further appeals those appeals may only be a review of the evidence given at this hearing."

Despite receiving this notice, Agnew left his residence for several weeks without advising the commission of where he could be reached and without having someone monitor his mail. When he returned to his residence on December 27, 1995, he "ignored the mountain of accumulated mail," which included a notice from the commission, dated December 13, 1995, advising him that the hearing before the appeals examiner would be held on December 28, 1995.

Agnew asserts that he expected to be notified by registered mail or personally served with a notice of the hearing date and that he did not receive reasonable notice of the December 28, 1995 hearing. However, there is no statutory or regulatory requirement that such notice must be provided by registered mail or personal service. Code § 60.2-620 requires only a "reasonable opportunity for a fair hearing." Further, the regulations of the commission provide that "[t]he Office of First Level Appeals shall endeavor to schedule hearings as soon as possible in the order in which appeals are received. Special requests regarding

5

dates or times of hearings will be given consideration; however, they need not always be honored." 16 VAC 5-80-20(C). Nothing in the record intimates that Agnew advised the commission of his impending absence during mid-December or that he made any special requests regarding hearing dates that accommodated his travel or work schedule.

Further, when the commission mailed the notice fifteen days before the date of the hearing, Agnew received the notice, yet he declined to read the notice until December 28, 1995. Therefore, nothing in the record indicates that the commission failed to give Agnew a reasonable opportunity for a fair hearing. Instead, the record indicates that Agnew did not timely learn of the hearing date through his own negligence in disregarding his mail. Therefore, on these facts, we cannot say that the commission failed to provide Agnew with reasonable notice of the hearing.

### Agnew's Ability to Examine and Cross-Examine Witnesses

Agnew next alleges that the commission erred in endorsing the decision of the appeals examiner based on hearsay testimony presented by Baker when Agnew was "unable to examine and cross-examine Baker's witnesses."

The regulations for the commission provide that, at the appeals examiner's hearing, "the parties, counsel, or duly authorized representatives shall be given an opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation and rebuttal." 16 VAC 5-80-20(F)(4).

6

However, Agnew failed to appear at the appeals examiner's hearing. Agnew's failure to appear at the appeals examiner's hearing was the result of his own failure to read his mail. And, as discussed above, the December 7, 1995 Notice of Appeal from the commission advised Agnew that the appeals examiner's hearing "may be the only hearing at which [he could] give evidence." Therefore, because Agnew was at fault for failing to appear at the appeals examiner's hearing, he cannot now complain that he was "unable to examine and cross-examine Baker's witnesses."

Further, 16 VAC 5-80-20(F) provides that "[t]he appeals examiner shall conduct the hearing in such a manner as to ascertain the substantive rights of the parties without having to be bound by common law, statutory rules of evidence, or technical rules of procedure." Therefore, Baker's evidence, even if hearsay, as Agnew alleges, was admissible into evidence at the appeals examiner's hearing. Moreover, it was within the appeals examiner's discretion to determine the probative weight, if any, to be given to hearsay evidence. See American Furniture Co. v. Graves, 141 Va. 1, 16, 126 S.E. 213, 217 (1925). We cannot say that the commission erred in endorsing the decision of the appeals examiner for this reason.

Commission's Refusal to Accept Agnew's Proffered Evidence

Agnew contends that the commission erred by endorsing the decision of the special examiner, who, Agnew alleges, violated the commission's rules for granting a new evidentiary hearing by

7

refusing to accept Agnew's proffered evidence of "Baker's intrinsic and extrinsic fraud."  Essentially, Agnew argues that Baker's witnesses perjured themselves at the appeals examiner's hearing and that, when Agnew appealed to the commission, the commission erred in refusing to accept Agnew's evidence as proof that these witnesses testified falsely.

The commission's regulations provide that the commission, in its discretion, may direct the taking of additional evidence provided:

> 1.  It is shown that the additional evidence is material and not merely cumulative, corroborative or collateral, could not have been presented at the prior hearing through the exercise of due diligence, and is likely to produce a different result at a new hearing; or
>
> 2.  The record of the proceedings before the appeals examiner is insufficient to enable the commission to make proper, accurate, or complete findings of fact and conclusions of law.

16 VAC 5-80-30(B).

The special examiner held a hearing to consider whether Agnew's evidence would be accepted, and she heard Agnew's arguments for presenting additional evidence.  The special examiner found that Agnew received the notice of the appeals examiner's hearing prior to December 28, 1995; however, he did not open the notice to determine the time and date of the hearing until the date of the hearing.  At the special examiner's hearing, Agnew also contended that, although he received the

8

notice and returned to his residence prior to December 28, 1995, "he was preoccupied with a project on which he was working." The commission did not find that this explanation was sufficient to allow the admission of additional evidence, "particularly in light of the fact that [Agnew] could have retained counsel earlier than March 18, 1996, in order to receive notice of the hearing and coordinate an appearance on his behalf." The commission was also satisfied that the record was sufficient to allow it to make accurate findings of fact and conclusions of law.

On this record, we cannot say that the commission abused its discretion in refusing to direct the taking of Agnew's evidence. Agnew failed to show that the evidence could not have been presented at the prior hearing through the exercise of due diligence. Some of the evidence Agnew sought to admit was information from his own computer and personal files. This material was available to Agnew and could have been presented at the December 28, 1995 hearing. Agnew also asserts that he could not obtain pertinent information from one of his roofing projects involving Mary Washington College because the college was closed for the Christmas holidays. However, Agnew did not show that he even attempted to obtain this information prior to the December 28, 1995 hearing. In fact, it is unlikely that he did attempt to do so given the fact that he was unaware of the December 28, 1995 hearing until after it occurred. Because the evidence supports

the commission's findings, we hold that the commission did not abuse its discretion in refusing to accept additional evidence.

### Extrinsic Fraud Claim

Agnew next argues that the trial court erred in denying Agnew due process when it affirmed the commission's decision "based on improper testimony and facts not in evidence solely . . . because Agnew had not appeared at the December 28, 1995 hearing . . . ."  Agnew alleges that the trial court erred in refusing to remand the case to the commission for a hearing on his claim of extrinsic fraud.  Agnew's basis for the extrinsic fraud claim is that the commission failed to afford him a fair hearing by denying him a new hearing and opportunity to present his evidence.  He further asserts that the commission's decision was procured by extrinsic fraud based on a record that was "replete with Baker's uncontested contentions and allegations taken as fact by the Appeals Examiner . . . ."

"Extrinsic fraud is 'conduct which prevents a fair submission of the controversy to the court.'"  Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n, 24 Va. App. 377, 386, 482 S.E.2d 841, 846 (1997) (quoting Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)).

> In Jones, the Court held that
>> when a party aggrieved by a decision of the Virginia Employment Commission alleges in his petition for review that the decision was procured by extrinsic fraud committed by the successful party and submits with the petition a proffer of proof, verified by affidavits of witnesses, the circuit court

10

> shall remand the cause to the Commission for a hearing on the issue if, upon review of the proffer and argument by counsel, the court finds the proffer sufficient as a matter of law to establish a prima facie case of such fraud.

Jones, 224 Va. at 608, 299 S.E.2d at 508.

In Jones, the alleged extrinsic fraud involved the petitioner's belief that she was threatened by her former employer regarding her unemployment compensation claim, causing her to "avoid" the appeals examiner's hearing. Id. at 605, 299 S.E.2d at 506-07. In Wells Fargo, the alleged extrinsic fraud involved the concealment of records by the discharged employee in an alleged plan to deceive corporate officials. Wells Fargo, 24 Va. App. at 386, 482 S.E.2d at 846. Thus, extrinsic fraud involves behavior or actions committed by a party that prevents "a fair resolution of the case." Id. at 387, 482 S.E.2d at 846.

Agnew's affidavits merely allege facts rebutting the evidence presented by Baker. Thus, Agnew failed to establish a prima facie case of extrinsic fraud. Rather, Agnew's proffered evidence went to the issue of witness credibility or whether Baker's witnesses committed perjury. Such allegations constitute a claim of intrinsic fraud, not extrinsic fraud. See Jones, 224 Va. at 607, 299 S.E.2d at 508 (Intrinsic fraud involves "perjury, forged documents, or other incidents of trial related to issues material to the judgment."). Therefore, Agnew's affidavits failed to show that Baker engaged in conduct that prevented "a fair resolution of the case." Id. Accordingly, because Agnew's

11

proffer to the trial court was insufficient to establish a <u>prima facie</u> case of extrinsic fraud, the trial court did not err in refusing to remand the case to the commission.

For the foregoing reasons, the opinion of the trial court is affirmed.

<u>Affirmed</u>.