## CIRCUIT COURT OF THE CITY OF RICHMOND

Laura T. Price

v.

Leon S. Price

November 20, 2001

Case No. HQ-1496-4

BY JUDGE RANDALL G. JOHNSON

This is an action by Laura T. Price seeking to have the court set aside the final decree of divorce entered on September 29, 2000, dissolving her marriage to Leon S. Price. Mr. Price was the plaintiff in the divorce action. Three grounds are cited by Ms. Price in support of her request. First, Ms. Price alleges that the parties had not been separated for twelve months and, in fact, were living together when Mr. Price filed his bill of complaint for a no-fault divorce and that Mr. Price and his witness committed perjury when they testified that the parties had been separated for twelve months. Second, Ms. Price states that the court lacked jurisdiction in the divorce proceeding because neither party lived in the City of Richmond and Richmond was not the site of the parties' last marital residence. Third, Ms. Price contends that the written waiver of service of process and notice to take depositions that she signed during the divorce proceeding was obtained by fraud, threats, force, intimidation, and duress. An evidentiary hearing was held in the present case on November 16, 2001. For the reasons that follow, Ms. Price's request will be denied and this action will be dismissed.

Taking Ms. Price's contentions in reverse order, the evidence shows that she signed a waiver in the divorce action on September 20, 2000, over two months after the bill of complaint was filed. The waiver, which is a one-page document in the form of a pleading with the caption of the divorce action at the top, "waives further notice of entry of the taking of depositions, and the

entry of decrees herein, and of the service of process of the Bill of Complaint. Pursuant to Virginia Code Section 8.01-384.2, defendant further waives the time limits imposed for the taking of depositions to be used as evidence in the above referenced matter, and the twenty-one day time period allowed for the filing of an answer and cross-bill." At the hearing, Ms. Price first said she did not know what she was signing and that she thought it was just a paper allowing Mr. Price to talk to a lawyer. She later said that the only reason she signed the waiver at all was because of Mr. Price's threats and intimidation. The court rejects both reasons.

With regard to Ms. Price not understanding what she was signing, the court simply does not believe her. The evidence shows that between July 1999 and March 2000, Ms. Price had sworn out at least two criminal warrants against Mr. Price, had been to juvenile court in Mecklenburg County to obtain child custody and support, and had returned to juvenile court with a lawyer to have a visitation order entered. She was well acquainted with the court system and with legal pleadings. She knew what she was signing.

The court also does not believe that Ms. Price signed the waiver as a result of threats, force, intimidation, or duress. When Mr. Price assaulted her, she filed criminal charges. When she did not want to be harassed by Mr. Price, she had a protective order entered against him. When she felt she was entitled to child support, she initiated appropriate proceedings in juvenile court. She hired a lawyer to represent her on the question of Mr. Price's visitation with the children. She was not at all intimidated or threatened by Mr. Price. She did not sign the waiver against her will.

With regard to Ms. Price's claim that the court lacked jurisdiction, that claim is based solely on what she claims was improper venue. Venue in divorce actions, however, is no longer jurisdictional. Since no objection was raised in the divorce proceeding, any objection to venue was waived. See Va. Code § 8.01-264(A).

With regard to the remaining basis for Ms. Price's request, the evidence is clear that Mr. Price, and possibly his divorce witness, committed perjury in this court. On August 23, 1999, Mr. Price was ordered by the Juvenile and Domestic Relations District Court of Mecklenburg County to pay child support in the amount of $250 a week. On July 9, 2000, Mr. Price filed in the juvenile court a written motion to amend in which he stated "[w]e have reconciled are [sic] differences and are living together at the above address." His child support obligation was terminated on August 28, 2000. On September 13, 2000, just two months after telling the juvenile court that he and Ms. Price had reconciled, he filed his divorce action in this court stating that he and Ms. Price had lived separate and apart since August 1999. In the

divorce depositions taken on September 21, 2000, Mr. Price and his witness testified that he and Ms. Price separated on August 31, 1999, and had not lived together since that date. In spite of that apparent perjury, the court will not set aside the divorce.

The law in Virginia is clear that final judgments can be set aside for extrinsic fraud. The law is equally clear that final judgments will not be set aside for intrinsic fraud. As was said in *Jones v. Willard*, 224 Va. 602, 299 S.E.2d 504 (1983):

> The judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final; the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time.

224 Va. at 607 (emphasis in original).

In *O'Neill v. Cole*, 194 Va. 50, 72 S.E.2d 382 (1952), the Court said:

> It is undoubtedly the general rule supported by the weight of authority that mere perjury or false swearing alone is not ground for equitable relief, since it is regarded as an intrinsic fraud.

194 Va. at 56.

And in *Rowe v. Coal Corp.*, 197 Va. 136, 143, 87 S.E.2d 763 (1955), it was said:

> Fraud warranting . . . equitable relief . . . must be *extrinsic* or collateral to the issues determined in the original suit, that is, must be such as has prevented a fair submission of the controversy to the court.

194 Va. at 143 (emphasis in original).

Accordingly, as much as the court dislikes the idea of letting Mr. Price have a divorce through what the court is convinced was perjured testimony, the divorce will not be disturbed and this action will be dismissed. The court is sending a copy of this opinion to the commonwealth's attorneys for the City of Richmond and for Mecklenburg County and will leave it to those officials to decide whether perjury proceedings against Mr. Price, and possibly his witness, are warranted.