COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Powell

LORA BENNETT

v.      Record No. 2048-08-1

RICHARD G. BENNETT

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 3, 2009

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

(Kevin P. Shea; Christina E. James, on brief), for appellant.

(Wanda N. Allen; Access Law Group, P.C., on brief), for appellee.


Lora Bennett (wife) appeals the order denying her motion to vacate the final decree entered

by the trial court on July 23, 2008.  Wife argues that the trial court erred in denying her motion to

vacate on the basis that the motion was barred by Rule 1:1.  Upon reviewing the record and briefs

of the parties, we summarily affirm the decision of the trial court.  Rule 5A:27.

BACKGROUND

On June 20, 2008, Richard G. Bennett (husband) filed a complaint for divorce and notice to

take depositions.  Wife was served, via substituted service, of the complaint and notice on June 25,

2008.  Wife retained counsel on July 10, 2008.  On July 18, 2008, husband conducted the

depositions, and on July 22, 2008, husband filed the final decree of divorce with the court, without

obtaining wife's endorsement.  At that time, wife had not filed an answer, or any other type of

pleading, in the case.  The trial court entered the final decree on July 23, 2008.  On July 28, 2008,

wife filed a late answer and cross-bill, without leave of court.  On August 13, 2008, the twenty-first

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

day after the entry of the final decree, wife filed a motion to vacate the final decree on the grounds that Rule 1:13 of the Rules of the Supreme Court had been violated. There was no cover letter with the motion, and the matter was not brought to the judge's immediate attention. On August 19, 2008, the trial court denied the motion to vacate because it no longer had jurisdiction. Twenty-one days had expired from the entry of the final decree. Wife timely noted her appeal.

ANALYSIS

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1.

Wife argues that the final decree is void *ab initio* because it did not comply with Rule 1:13.

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them. Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

Rule 1:13. However, wife did not have counsel of record when the final decree was entered, so the trial court held that it could not have violated Rule 1:13.

Assuming, without deciding, that there was a violation of Rule 1:13, "the failure to comply with Rule 1:13 renders an order voidable, not void *ab initio*." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001). A voidable order "is subject to the limitations of Rule 1:1" limiting the jurisdiction of a court to twenty-one days after the entry of the final order. Therefore, because the order was voidable, the trial court lacked jurisdiction to modify the order once twenty-one days had passed.

Wife also argues that the final decree is void *ab initio* because it was obtained by extrinsic fraud. "Judgments that are void [*ab initio*], however, may be attacked in any court at

any time, directly or collaterally, and thus are not encompassed by Rule 1:1. A void [*ab initio*] judgment is one that has been procured by extrinsic or collateral fraud . . . ." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) (citations omitted). Extrinsic fraud is "conduct which prevents a fair submission of the controversy to the court." Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983) (citations omitted). Wife argues that husband's *ex parte* communications with the court and the failure of husband's counsel to communicate with wife's counsel were improper because husband knew that wife had retained counsel. However, wife's counsel had not filed an appearance with the court. When wife filed an answer and cross-bill, the pleadings were filed late and without leave of court, and the trial court held that they were "of no force and effect." There was no evidence of extrinsic fraud.

Appellee's request for attorney fees is denied.

CONCLUSION

The trial court did not err in denying wife's motion to vacate because more than twenty-one days had expired since the entry of the final decree and the trial court no longer had jurisdiction over the matter.

Affirmed.