COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


JAMES C. HOWARD, JR.

                                                                    OPINION BY
v.        Record No. 0820-13-1              JUDGE RUDOLPH BUMGARDNER, III
                                                              AUGUST 5, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

William Roots, Jr., for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


James C. Howard, Jr. appeals his convictions of burglary, Code § 18.2-91, and grand

larceny, Code § 18.2-95.  He maintains the trial court did not have jurisdiction because he was

improperly indicted and the indictment was not properly recorded in the order book for the trial

court. Finding the procedures followed by the trial court were correct, we affirm.

The grand jury returned indictments against the defendant for burglary and grand larceny

on July 9, 2012.  After completing their deliberations, the grand jury returned to the courtroom,

and handed the indictments to the deputy clerk of court who served as the criminal docket clerk.

The two indictments charging the defendant were among those presented, marked as true bills,

and signed by the foreman.  The deputy clerk counted all the indictments and examined them to

ensure that they were properly completed and signed by the foreman.  The deputy clerk next

passed these indictments to the judge for his inspection.

The presiding judge entered an order on July 12, 2012 reciting that the grand jury had

been sworn and charged, retired to their room, and later returned into court having found the

indictments that were listed. For each of the bills of indictment the order listed the case number, the name of the defendant, the charge, whether the charge was a felony, and the action taken as finding a true bill. The indictments were not read aloud in court, nor were they transcribed verbatim in the order reciting the proceedings of the grand jury. The indictments themselves bearing the case number shown in the grand jury order were placed in the electronic case file of the defendant and comprise a part of the record for this appeal. See Rule 5A:7.

The defendant contends that he was not properly indicted because the indictments were not read aloud in open court, which he maintains is required by Reed v. Commonwealth, 281 Va. 471, 706 S.E.2d 854 (2011). Reed alleged the indictments against him were defective because they had not been signed by the foreman of the grand jury. The Court held that

> [a]lthough the written charges did not contain the signature of the
> grand jury foreman, they had been "returned in open court" by the
> grand jury as true bills and, thus, became valid indictments
> permitting the trial court to order the arrest of Reed and bring him
> to trial on those indictments.

Id. at 480, 706 S.E.2d at 859. The Court explained that a true bill "only becomes a valid indictment when it is 'presented in open court, and the fact recorded.'" Id. (quoting Simmons v. Commonwealth, 89 Va. 156, 157, 15 S.E. 386, 387 (1892)).

In this case, the defendant contends that "presented in open court" means "read aloud." He cites White v. Commonwealth, 70 Va. (29 Gratt.) 824, 828 (1878), and argues that it holds that an indictment must be announced in court which means read aloud verbatim. The indictment in White was endorsed "a true gun" instead of "a true bill." The Court reasoned that the obvious error was probably made because "the house burned was the property of a man named Gunn[.]" Id. at 827. The Court held the indictment was valid because "the bill was actually found to be a true bill by the grand jury; that such finding was announced in court by the

- 2 -

clerk on the return, and with the acquiescence, [sic] of the grand jury, and entered of record[.]" Id. at 828.

The validity of the indictment is a question of law which we review *de novo*. See Hernandez v. Commonwealth, 281 Va. 222, 224, 707 S.E.2d 273, 274 (2011). The required actions of a grand jury are prescribed in the Rules of the Supreme Court of Virginia. Rule 3A:5(c) provides: "The indictment shall be endorsed 'A True Bill' or 'Not a True Bill' and signed by the foreman. The indictment shall be returned by the grand jury in open court." Code § 19.2-216 defines indictment: "An indictment is a written accusation of crime, prepared by the attorney for the Commonwealth and returned 'a true bill' upon the oath or affirmation of a legally impanelled grand jury."[1] "A return is a brief official statement by an officer endorsed on the process, stating what he has done in obedience to the writ, or why he had done nothing." Martin P. Burks, Common Law and Statutory Pleading and Practice § 46, at 96 (4th ed. 1952) (citing Rowe's Adm'r. v. Hardy's Adm'r., 97 Va. 674, 34 S.E. 625 (1899)).

In White, the indictment was valid despite being endorsed "a true gun" because it "was announced in court by the clerk . . . and entered of record." White, 70 Va. (29 Gratt.) at 828. On the other hand, Simmons, 89 Va. at 157, 15 S.E. at 387, held an indictment was not valid because the record did not show that it had been "delivered in court by the grand jury." "'[W]e deem it essential that a record should be made of the finding on the order-book.'" Id. at 158, 15 S.E. at 387 (quoting Cawood's Case, 4 Va. (2 Va. Cas.) 527, 542 (1826)).

In this case, the order entered by the trial judge reflected the grand jury proceedings of July 9, 2012 and established that the indictments against the defendant were returned in the manner required for the indictments to be valid. The grand jury was empanelled, sworn, and

---

[1] Code § 19.2-220 specifies the necessary content for an indictment, and Code § 19.2-226 lists deficiencies that do not invalidate the indictment.

charged.  It retired to deliberate.  After doing so, it returned to open court and presented the bills of indictment as "true bills."  The act of presenting consisted of the grand jury, upon completion of their deliberations, returning to open court where it "returned" the written bills of indictment stating what had been done through its endorsement "a true bill" and the signature of the foreman.

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired."  McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997).  As in Reed, the order of record shows the indictments were "presented in open court" and that fact is made a part of the permanent record of the proceedings of July 9, 2012 through the court's order entered July 12, 2012.  What is important is that the indictment be "presented" in court.  The order reflects that action.  In doing so, it gives the words "present" and "announce" their normal and ordinary meaning.[2]  As in Reed, the indictments were valid.

Reading the indictments aloud verbatim is not required for the indictment to be valid.  Indeed, it would serve little purpose in many cases because when the grand jury makes its return the defendant may not be present and possibly not yet arrested for the offense.  Advising the defendant of the precise charge made by the grand jury in the indictment is required, but that requirement is fulfilled at arraignment.  The indictment is then read to the defendant at arraignment.  "Arraignment shall be conducted in open court.  It shall consist of reading to the accused the charge on which he will be tried and calling on him to plead thereto."  Code

---

[2] "Present" means "to introduce formally at court [especially] to the sovereign; . . . to hand or pass over [usually] in a ceremonious way; deliver formally for acceptance; to lay (as a charge) before a court as an object of inquiry; . . . find or represent judicially."  Webster's Third New International Dictionary 1793 (1993).
  "Announce" means "to give public notice of; make known officially or publicly; deliver news of; proclaim . . . to give evidence of [especially] without oral communication."  Id. at 87.

§ 19.2-254.  At arraignment, the defendant must be in court and will be able to hear the verbatim recital of the charges found by the grand jury.

The defendant also maintains that the indictment is defective because the order which recites the grand jury proceedings does not provide a photographic image of the indictment returned.  The defendant maintains an image of the indictment must be recorded with that order.  The defendant asserts Code § 17.1-240 requires that an image of the indictment be a part of the order for the electronic order book to be valid.  This argument mixes the statutory requirements for recording the daily proceedings of a circuit court in an order book, see Code § 17.1-123 and § 17.1-124, and recording of writings required to be kept in the various books in the circuit court clerk's office, see Code § 17.1-240.  In doing so, the argument reaches a conclusion that Code § 17.1-240 requires the order of the grand jury proceedings have a photographic image of the indictment stored as a part of that order.

"All proceedings, orders and judgments of the court . . . in all matters at criminal law shall be recorded in the criminal order book."  Code § 17.1-124.  The requirements of that statute are now met by utilizing modern electronic processes and the order book of a court is now an electronic order book instead of a physical one.  See Code § 17.1-124.[3]  Code § 17.1-240 permits the use of electronic format to store the image of any document that is required to be recorded in a circuit court clerk's office.  It does not set any requirement for what must be in an order memorializing the proceedings of the court when its grand jury meets.

Code § 17.1-240 authorizes the precise procedure followed in this case. The indictments returned by the grand jury, which were written documents, were recorded in electronic format. They were put into the defendant's case file, which is an electronic case file.  The electronic

---

[3] The Uniform Electronic Transactions Act states, "If a law requires a record to be in writing, an electronic record satisfies the law."  Code § 59.1-485(c).

record of the indictment, as permitted by Code § 17.1-240, became a part of the case file and the record of this case.

The trial court correctly held that the indictments were valid and properly "presented in open court and the fact recorded." Reed, 281 Va. at 480, 706 S.E.2d at 859. The definitions of "present" and "announce" did not require an oral verbatim reading, and a physical order book is no longer required. Accordingly, we affirm.

Affirmed.