COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia

DONALD KEITH EPPS

                                                    OPINION BY
v.        Record No. 0148-15-3           JUDGE MARY GRACE O'BRIEN
                                                    MAY 31, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

M. Lee Smallwood, II (Office of the Public Defender, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Donald Keith Epps ("appellant") was indicted for one count of abduction, in violation of

Code § 18.2-47, and one count of assault and battery, in violation of Code § 18.2-57. Appellant

pled guilty to assault and battery and was found guilty of abduction following a bench trial. The

court sentenced appellant to five years of incarceration in the state penitentiary with two years

suspended for abduction and twelve months in jail with six months suspended for assault and

battery. Appellant filed a post-trial motion to dismiss his convictions on the ground that the court

lacked jurisdiction because the order recording the indictments against him had not been entered at

the time of trial. The court denied his motion, and this appeal followed.

I. Material Proceedings

The grand jury met on October 27, 2014, and returned indictments in open court against

appellant for abduction and assault and battery. The indictments were signed by the grand jury

foreman. Following a bench trial for abduction, the court found appellant guilty and also accepted

his plea of guilty to assault and battery on November 17, 2014. His sentencing hearing occurred on January 5, 2015.

On January 7, 2015, appellant's counsel moved to dismiss the convictions because the order reflecting the actions of the grand jury on October 27, 2014, had not been entered prior to trial.[1] On January 13, 2015, the court entered the order memorializing the grand jury's actions ("the presentment order"). Following a hearing on January 22, 2015, the court denied appellant's motion to dismiss his convictions. The court signed the sentencing order on January 23, 2015.

## II. Assignments of Error

Appellant asserts the following errors:

    I.    The trial court erred in conducting a trial of Mr. Epps when it lacked the jurisdiction to do so because no order recording the presentation of the indictment in open court had been entered.

    II.    The trial court erred in concluding that the facts were sufficient to convict Mr. Epps of abduction where Mr. Epps entered a guilty plea to assault and battery, all of the conduct that arguably would support a conviction for abduction was also conduct that was assaultive, and therefore there was no offense of abduction pursuant to the statutory and case law of the offense.

## III. Facts

We consider the facts, as we are bound to do, in the light most favorable to the prevailing party, the Commonwealth. Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). So viewed, the evidence established the following: late in the evening of August 29, 2014, appellant and Latisha Williams were in a bedroom in her residence in Danville. The parties previously had a romantic relationship.

Williams testified that a dispute arose after appellant accused her of having sex with his sister's boyfriend. Appellant used Williams's cell phone to call his sister. Williams then asked

---

[1] Appellant did not contest the form or content of the indictments against him.

appellant to leave, and he became upset, "jumped on" her, and began to strangle her. Williams tried to kick appellant, but he grabbed her foot and tried to bend one of her toes back. He eventually released her foot and bit her finger.

Williams testified that after she unsuccessfully attempted to retrieve her cell phone from appellant, she ran from the bedroom and tried to leave the residence through a door in the kitchen. Appellant pushed her away from the door, told her he was not going to allow her to leave, and began to punch her. When he saw that she was bleeding as a result of his punches, he stopped, called his brother, and left the residence. Williams testified that the incident in the kitchen lasted for approximately ten minutes. At the close of the Commonwealth's case, appellant made a motion to strike the evidence. The court denied his motion.

According to appellant, Williams initiated the altercation by kicking him after he accused her of giving him a sexually transmitted disease. He admitted that he repeatedly "shoved" Williams onto the bed, but claimed that she bent her own toe back. Appellant claimed that he left the bedroom first, and only assaulted Williams after she grabbed him from behind in the hallway leading to the kitchen. He denied that he ever prevented her from leaving. Appellant renewed his motion to strike the evidence at the conclusion of his case. The court denied the motion and found appellant guilty of abduction.

IV. Analysis

A. Failure to Timely Record Presentation of Indictment

Appellant contends that his indictment for abduction was invalid because the presentment order was not signed and entered prior to his trial.[2] "The validity of the indictment is a question of

---

[2] Appellant does not expressly restrict the assignment of error to the abduction charge, but as he was tried only for abduction, and pled guilty to the assault and battery charge, we limit our consideration of appellant's argument to the abduction charge.

law which we review *de novo*." Howard v. Commonwealth, 63 Va. App. 580, 583, 760 S.E.2d 828, 829 (2014).

Code § 19.2-217 provides that "no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction." Additionally, Rule 3A:5(c) of the Supreme Court of Virginia directs that "[t]he indictment shall be endorsed 'A True Bill' or 'Not a True Bill' and signed by the foreman. The indictment shall be returned by the grand jury in open court." Appellant does not contest that the grand jury returned an indictment against him on October 27, 2014, and that the indictment was presented in open court prior to trial. He does not assign error to the content of the indictment, but he asserts that the trial court's delayed entry of the presentment order invalidates his conviction. Appellant contends that because the order was not entered prior to trial, the court did not have jurisdiction when it conducted the bench trial.[3]

Appellant relies on Cawood's Case, 4 Va. (2 Va. Cas.) 527 (1826), and Simmons v. Commonwealth, 89 Va. 156, 15 S.E. 386 (1892), to support his contention that he was not properly indicted by the grand jury and his conviction is therefore void. In Cawood, the defendant's name was not included on the order that listed the indictments returned by the grand jury on April 26-27, 1824. 4 Va. (2 Va. Cas.) at 541-42. The Supreme Court found that Cawood had not been properly indicted because there was no record that an indictment against him had ever been returned in open court. Id. at 546. Because the court found it was "essential that a record should be made of the [grand jury's] finding on the Order Book," the defendant's conviction was reversed. Id. at 542, 547.

---

[3] While Code § 19.2-227 provides that "[j]udgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution," this statute does not control because appellant's argument does challenge the jurisdiction of the court to conduct the trial.

Likewise, in Simmons, there was no evidence that the indictment, which had been endorsed by the foreman as a "true bill," had ever been presented in court and "the fact recorded." Simmons, 89 Va. at 157, 15 S.E. at 387. No valid indictment could be found in the Lee County Record Book. Id. Based on this omission, the Supreme Court found that "the accused [was] not indicted." Id.

"[T]here is no constitutional requirement that prosecutions for felony be by indictment. The requirement is merely statutory [and] may be waived." Livingston v. Commonwealth, 184 Va. 830, 836, 36 S.E.2d 561, 564 (1946) (citation omitted). Code § 17.1-513 provides that "[t]he circuit courts shall . . . have original jurisdiction of all indictments for felonies." Therefore, the requirement that a felony prosecution be initiated pursuant to an indictment is statutory, not constitutional. Accordingly, appellant's reliance on Cawood and Simmons is inapposite.

In Hanson v. Smyth, 183 Va. 384, 387-89, 32 S.E.2d 142, 143-44 (1944), the defendant challenged his conviction in a *habeas corpus* proceeding, and alleged that the record did not show that the indictment against him was returned in open court after the grand jury met. The Supreme Court found that because an indictment may be waived, it is not jurisdictional. Id. at 390-91, 32 S.E.2d at 144. The Court noted that the current version of Code § 19.2-217 was amended in 1940 to allow a defendant to waive indictment and presentment. Id. at 390, 32 S.E.2d at 144. The Court interpreted this amendment as the "clear expression of the legislative policy that the requirement of an indictment in the prosecution for a felony may be waived, and hence is not jurisdictional." Id. As a result, the Court held that "the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon." Id. at 390-91, 32 S.E.2d at 144.

The validity of an indictment is established by the grand jury returning a true bill in open court and the subsequent entry and recordation of an order memorializing those events. The Supreme Court has found that a mere procedural error does not nullify an otherwise valid

indictment.  See Reed v. Commonwealth, 281 Va. 471, 478-80, 706 S.E.2d 854, 858-59 (2011) (finding indictments valid, despite the lack of a signature by a grand jury foreman because the order showed that the indictments were returned in open court as true bills).  In Howard v. Commonwealth, 63 Va. App. 580, 582-83, 760 S.E.2d 828, 829 (2014), the defendant claimed that the trial court lacked jurisdiction over him because the indictments were not read aloud when they were returned in court, although they were signed by the foreman of the grand jury and an order memorializing those events was subsequently entered by the judge.  We held that when indictments are returned in court, "[r]eading the indictments aloud verbatim is not required for [an] indictment to be valid," what "is important is that the indictment be 'presented' in court."  Id. at 585, 706 S.E.2d at 830.

Additionally, Code § 17.1-123(A), which addresses the signing and recording of court orders, does not contain a timing requirement.  The statute does not require that an order must be recorded on the same day as the event it is memorializing to be valid.  The Supreme Court has held that

> [n]o order made by the court or proceeding had in a case during a term and entered by the clerk in the record book should be allowed to become invalid, or to fail of effect, by the omission of the judge, through inadvertence or neglect, to sign the record of the orders and proceedings on the day on which it was made or took place.

Weatherman v. Commonwealth, 91 Va. 796, 798, 22 S.E. 349, 350 (1895).

In the present case, appellant was properly indicted because the order entered on January 22, 2015 reflected that the grand jury met on October 27, 2014, and returned a true bill in open court on the indictments against appellant.  "A court speaks through its orders and those orders are presumed to accurately reflect what transpired."  McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997).  Appellant does not assert that the content of the indictment is deficient in any manner or that the indictment was not returned in open court.  His sole contention is that the

presentment order had not been entered before he was tried on November 17, 2014. However, because neither the statute, nor the rule, nor the case law contain a time requirement for entry of the order, the timing of the recording of the order is merely a procedural requirement. Thus, the delayed entry of the order is not a substantive violation that invalidates the indictment or deprives the trial court of its jurisdiction over appellant.

## B. Sufficiency of the Evidence of Abduction

Appellant contends that the evidence was insufficient to find him guilty of abduction. He asserts that any detention of the victim was incidental to the assault and battery and did not constitute a separate offense.

## 1. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, "it is our duty to consider [the evidence] in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Boykins v. Commonwealth, 210 Va. 309, 311, 170 S.E.2d 771, 773 (1969). The issue is "whether the record contains evidence from which any 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The trial court's judgment "will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Additionally, "[w]hether an abduction is merely incidental to another crime is a question of law. However, because no two crimes are exactly alike, determining whether an abduction is incidental necessarily requires consideration of the historical facts of each case." Hoyt v. Commonwealth, 44 Va. App. 489, 496 n.4, 605 S.E.2d 755, 758 n.4 (2004). Therefore, the trial

court's findings of historical fact are controlling but we review the court's application of those facts to the law *de novo*.  Smith v. Commonwealth, 56 Va. App. 711, 721, 697 S.E.2d 14, 19 (2010).

### 2.  Evidence of Abduction

Code § 18.2-47(A) provides that "[a]ny person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction.'"  The Commonwealth may prove assault and battery under Code § 18.2-57 by establishing a "'wil[l]ful or unlawful touching' of another."  Parish v. Commonwealth, 56 Va. App. 324, 330, 693 S.E.2d 315, 318 (2010) (quoting Wood v. Commonwealth, 149 Va. 401, 404, 140 S.E. 114, 115 (1927)).

Appellant asserts that any detention of Williams that occurred was merely incidental to the assault and battery and cannot, therefore, be the basis for an abduction conviction.  The Virginia Supreme Court has held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).  Further, "[t]he only issue when abduction is charged alongside an offense for which detention is an intrinsic element is whether any detention exceeded the minimum necessary to complete the required elements of the other offense."  Lawlor v. Commonwealth, 285 Va. 187, 225, 738 S.E.2d 847, 869 (2013).  The issue becomes whether sufficient evidence exists to support the factfinder's determination that a defendant used greater restraint than that necessary to commit the simultaneously charged offense.  See Powell v. Commonwealth, 261 Va. 512, 541, 552 S.E.2d 344, 360-61 (2001).

In the present case, the crime of assault and battery was concluded before the abduction occurred. While there is a temporal connection between the two crimes, they did not occur simultaneously. An assault and battery occurred in the bedroom, when appellant strangled Williams and pushed her back on the bed. He continued to batter her by bending her toe and biting her finger. At that point, the assault and battery was a completed crime.

The trial court, as finder of fact, believed Williams when she testified that she fled down the hallway and was pursued by appellant. We have recognized that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995); see also Rogers v. Commonwealth, 183 Va. 190, 201-02, 31 S.E.2d 576, 580 (1944). Once Williams was in the kitchen, appellant obstructed her access to the door that led outside and would not allow her to leave the residence. Clearly, this detention was separate and apart from the assault and battery that had occurred in the bedroom.

Williams testified that the parties were in the kitchen for approximately ten minutes. During that time, as she was trying to get to the door, appellant blocked her exit and hit her in the mouth. Further, he specifically told Williams that he was not going to allow her to leave. That statement illustrates appellant's intent to detain Williams. Blocking the kitchen door and detaining Williams was not necessary to complete the crime of assault and battery that had occurred earlier in the bedroom. The abduction occurred subsequent to appellant's pursuit of Williams down the hall, as she attempted to flee from him after he initially assaulted her. These were two distinct crimes, committed at different times, even committed in different rooms of the house. We find that the court did not err in convicting appellant of both assault and battery and abduction.

## V. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>