COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Friedman
Argued at Lexington, Virginia

JOSE GUADENCIO SANCHEZ

                                        MEMORANDUM OPINION* BY
v.          Record No. 1156-21-3         JUDGE FRANK K. FRIEDMAN
                                           AUGUST 9, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NELSON COUNTY
Michael R. Doucette, Judge

Anthony D. Martin (Lepold & Martin, PLLC., on brief), for
appellant.

John Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Susan Brock Wosk, Assistant Attorney General,
on brief), for appellee.


The trial court convicted appellant of possession of a firearm after being convicted of a

violent felony and sentenced him to five years of incarceration.  On appeal, appellant challenges the

sufficiency of the evidence to sustain his conviction.[1]  For the following reasons, we affirm the trial

court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)).  In doing so, we discard any of appellant's conflicting evidence, and regard as true

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted appellant of possession of ammunition by a convicted
felon; appellant did not appeal that conviction.

all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On October 25, 2020, Deputy Chris Justice responded to a request for assistance at a traffic stop of an SUV. Juan Sanchez was the driver, and appellant, who is Juan's brother, was sitting in the front passenger seat. When Deputy Justice approached the SUV, he noticed a black "Savage rifle" with a scope attached "plainly visible" on the back seat. The butt of the rifle was behind the driver's seat, and the barrel extended behind the front passenger seat. The rifle's magazine held three rounds of live ammunition. Deputy Justice described the rifle as "within arm's reach" of the front passenger seat. When Deputy Justice asked appellant about the rifle, appellant claimed that it "was not his" and that it was "covered" on the back seat. Appellant later stated that the rifle belonged to his grandfather.

Juan Sanchez ("brother") testified that his grandfather gave him the rifle as a Christmas gift. On the day of the traffic stop, the brother laid the rifle on the back seat of his SUV before picking up appellant "from a friend's house." The brother confirmed that the rifle had been the weapon at issue in appellant's 2016 conviction for possession of ammunition after having been adjudicated delinquent for an offense that would have been a felony if committed by an adult.[2] The final sentencing order for appellant's 2016 conviction provided that the rifle "shall be returned" to appellant's brother.[3]

---

[2] Although the trial court sustained an objection to this line of questioning, the trial court noted that the objection came after the Commonwealth had introduced evidence that the rifle "was involved back in 2016." *See Jiddou v. Commonwealth*, 71 Va. App. 353, 373 (2019) ("[A]n objection to the admissibility of evidence must be made when the evidence is presented." (alteration in original)).

[3] The trial court specifically ordered that the rifle "shall be returned to Tony Sanchez"; the brother confirmed that he "go[es] by Tony."

After the close of the evidence and argument by counsel, the trial court convicted appellant of possession of a firearm by a convicted felon. The court found that this was not a "mere proximity" case because the evidence demonstrated appellant's "very close proximity" to an "open and obvious" firearm. This appeal follows.

ANALYSIS

Appellant argues that the evidence failed to prove that he constructively possessed the rifle because it established nothing more than his presence in the SUV and proximity to the rifle. Appellant emphasizes the lack of forensic evidence "linking" him to the rifle and his brother's testimony that the SUV and rifle belonged to him. Appellant also argues that the evidence failed to prove that he "saw the rifle in the backseat."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009)

(quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)).  Constructive possession may be established by "evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control."  *Id.*  The issue of what constitutes constructive possession "is largely a factual one."  *Id.* (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)).  Accordingly, the trial court's judgment "will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  *Epps v. Commonwealth*, 66 Va. App. 393, 402 (2016) (quoting *Martin v. Commonwealth*, 4 Va. App. 438, 443 (1987)).

Although "ownership or occupancy alone is insufficient to prove knowing possession of [contraband] located on the premises or in a vehicle," other circumstantial evidence coupled with ownership or occupancy often establishes the constructive possession of such contraband.  *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing."  *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).  "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion."  *Id.* at 512-13 (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Consistent with those principles, it is well-established that a defendant's immediate proximity to contraband that is plainly visible is sufficient to support a finding of constructive possession, even when other individuals are present.  In *Brown v. Commonwealth*, 5 Va. App. 489, 492-93 (1988), for example, this Court concluded that the evidence was sufficient to support the defendant's conviction for possession of cocaine that was in "plain view" on a bed

and "within arm's reach" of the defendant even though two other men were sitting on the bed on either side of the cocaine.

Similarly, the Supreme Court has held that the driver of a "small" vehicle constructively possessed a handgun that was in "plain view" on an "open console" between him and a front-seat passenger. *Smallwood*, 278 Va. at 628, 631-32. The Supreme Court emphasized that the handgun was immediately "beside [the defendant's] right leg," and he "could have had actual, exclusive possession of the firearm" "[i]n an instant" because nothing was restricting his "access." *Id.* at 631. Although some evidence suggested that the handgun belonged to the passenger, the Supreme Court rejected the defendant's argument that he "could not have exercised dominion and control over the gun when the gun was under the dominion and control of [the passenger] at all times." *Id.* The Court held that possession of contraband "may be joint or several," and the defendant's "immediate" proximity to an "open and obvious" handgun established constructive possession regardless of who owned it. *Id.* at 631-32 (holding that a defendant constructively possessed "open and obvious" contraband that was "located in immediate proximity to where [the defendant] had been sitting" (quoting *Bolden*, 275 Va. at 149)).

The record demonstrates that the rifle with a scope attached was "plainly visible" on the back seat of the SUV. The rifle extended across the entire seat, and Deputy Justice saw it immediately when he approached the SUV. Moreover, the rifle was "within arm's reach" of where appellant had been sitting in the front passenger seat. Accordingly, as in *Smallwood*, the record demonstrates that appellant "could have had actual, exclusive possession of the firearm" "[i]n an instant" because nothing was restricting his "access" to it. *Id.* at 631.

Appellant's reliance on *Hancock v. Commonwealth*, 21 Va. App. 466 (1995), is misplaced. In *Hancock*, the defendant was sitting behind the driver's seat in a car that contained

four other occupants. 21 Va. App. at 468. When the defendant exited the car, an officer saw a revolver on the floorboard under the driver's seat where the defendant's feet had been. *Id.* The trial court found that the defendant had constructively possessed the firearm because he "knew that the gun was there or *should have known*." *Id.* at 469 (emphasis added). We reversed the defendant's conviction, holding that the trial court erred by applying a "should have known" standard when the Commonwealth was required to prove beyond a reasonable doubt that the defendant had "actual knowledge of the presence of the firearm" and that it was subject to his "dominion and control." *Id.* We emphasized that the evidence failed to prove actual knowledge because the "stop occurred at night" and "a person entering the [car] . . . would not necessarily have seen the firearm" if he "did not look at the floorboard." *Id.* at 469-70.

By contrast, here the evidence demonstrated that the traffic stop occurred during the day, and the rifle was "plainly visible" on the entire back seat. Moreover, when Deputy Justice asked appellant about the rifle, appellant did not indicate that he was unaware of its presence. Instead, appellant attempted to dissociate himself from the rifle by denying ownership and falsely claiming that it had been "covered." The fact finder, however, was entitled to disregard appellant's attempted explanations as "made falsely in an effort to conceal his guilt." *Covil v. Commonwealth*, 268 Va. 692, 696 (2004).

Finally, the brother's testimony that the rifle belonged to him does not require appellant's acquittal because appellant need not own the rifle to possess it. "Possession need not be exclusive"; and a defendant "may constructively possess [contraband] owned by another." *Hamilton v. Commonwealth*, 16 Va. App. 751, 755-56 (1993) (first quoting *Gillis v. Commonwealth*, 215 Va. 298, 302 (1974); then quoting *Harrison v. Commonwealth*, 12 Va. App. 581, 585 (1991)). To sustain appellant's conviction, the evidence must demonstrate only that appellant was aware of the presence and the character of the rifle and that it was subject to his

dominion and control. *Smallwood*, 278 Va. at 630. Appellant's immediate proximity to the open and obvious rifle supported the trial court's finding that he constructively possessed it, regardless of who owned it. Accordingly, appellant's conviction is affirmed.

*Affirmed.*