COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Causey and Senior Judge Clements

RODNEY BRYON ROCK

MEMORANDUM OPINION*

v.     Record No. 1119-21-2

PER CURIAM
OCTOBER 4, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
W. Allan Sharrett, Judge

(Dale Jensen; Dale Jensen, PLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lauren C. Campbell, Assistant
Attorney General, on brief), for appellee.

In 2015, the trial court convicted appellant of two counts of carnal knowledge of a child

between thirteen and fifteen years of age and forcible sodomy and sentenced him to a total of forty

years of incarceration with thirty years suspended. On appeal, he contends that the trial court erred

in denying his 2020 motion to vacate his convictions. For the following reasons, we affirm the trial

court's judgment.[1]

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). In doing so, we discard any of appellant's conflicting evidence and regard as true all

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the briefs and record in this case, the panel unanimously agrees that
because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we
dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

After the trial court entered its final order sentencing appellant on the above offenses of which he was convicted, he timely petitioned this Court for an appeal, asserting that the evidence was insufficient to sustain his convictions because the victim's testimony was inherently incredible and the trial court erred in admitting evidence of his criminal conduct before the time frame alleged in the indictments.[2]  This Court denied appellant's petition for appeal, finding that the victim's testimony was not inherently incredible and the evidence of his conduct predating the indicted time period was properly admitted.  The Supreme Court of Virginia refused appellant's petition for appeal by order entered December 15, 2016.  In June 2019, appellant filed a *pro se* motion for a sentence reduction, which the trial court denied.

On September 22, 2020, five years after his convictions, appellant filed a motion to vacate his convictions, arguing that they were void *ab initio* because the trial court "never established" jurisdiction.  Specifically, appellant alleged that he was never properly indicted by a grand jury by entry of an order proving that the indictments were presented in open court.  Appellant argued that the failure to comply with the proper grand jury indictment requirements was a fatal defect that rendered his convictions void *ab initio*.  Appellant also argued that his sentence violated the cruel and unusual punishment clause of the Eighth Amendment because of prosecutorial misconduct and "obvious perjured testimony."  On September 20, 2021, the trial court denied appellant's motion. This appeal follows.

---

[2] At the time of appellant's convictions, convicted defendants did not have an appeal as of right and had to petition this Court for an appeal.  2021 Va. Acts Sp. Sess. I, c. 489.

ANALYSIS

Appellant argues that the trial court erred in denying his motion to vacate because the trial court lacked subject-matter jurisdiction and sentenced him for crimes he did not commit. He alleges that there is no "judge-signed order" indicting him and the trial court ignored the mandated grand jury indictment process and tried him without proper indictments. Appellant also argues that the Commonwealth committed prosecutorial misconduct by suborning testimony that was known to be false. Appellant maintains that the victim's trial testimony was contrived, biased, and "obvious perjury."

Rule 1:1(a) provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." "The running of the twenty-one-day period commences with the entry of the final order and 'may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.'" *Minor v. Commonwealth*, 66 Va. App. 728, 739 (2016) (quoting *James v. James*, 263 Va. 474, 482 (2002)). "Unless a court vacates or suspends a final order during the twenty-one-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and any action taken by the trial court after the twenty-one-day period has run is a nullity." *Id.* (citing *James*, 263 Va. at 483).

Nevertheless, "[a] court order may . . . be attacked after twenty-one days when it is void *ab initio*." *Yourko v. Yourko*, 74 Va. App. 80, 92 (2021). A "judgment may be void ab initio if (1) it was procured by fraud, (2) the court lacked subject-matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure." *Watson v. Commonwealth*, 297 Va. 347, 350 (2019) (citing *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998)). Indeed,

subject-matter jurisdiction cannot be waived, and issues of subject-matter jurisdiction can be raised for the first time on appeal or in a collateral proceeding. *Id.* "[A] challenge that an order is void ab initio, even for lack of subject-matter jurisdiction, may be raised only in a valid direct or collateral proceeding where the voidness of the order is properly at issue." *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021) (citing *Wade v. Hancock*, 76 Va. 620 (1882)). "One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." *Morrison v. Bestler*, 239 Va. 166, 170 (1990).

Here, appellant contends that the trial court lacked subject-matter jurisdiction to convict him because the record lacks an indictment order. That argument, however, fails to properly call the trial court's subject-matter jurisdiction into question or otherwise present a basis for declaring that his conviction order is void *ab initio*. "[T]here is no constitutional requirement that prosecutions for felony be by indictment." *Epps v. Commonwealth*, 66 Va. App. 393, 399 (2016) (quoting *Livingston v. Commonwealth*, 184 Va. 830, 836 (1946)). Instead, "[t]he requirement is merely statutory [and] may be waived." *Id.*; *see* Code § 19.2-217 ("[N]o person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction."). "[B]ecause an indictment may be waived, it is not jurisdictional." *Epps*, 66 Va. App. at 400 (citing *Hanson v. Smyth*, 183 Va. 384, 390-91 (1944)). Thus, any challenge to the form of an indictment is waived unless raised at least seven days before trial. Rule 3A:9(b)(1); *Howard v. Commonwealth*, 63 Va. App. 580 (2014) (objections to indictment properly raised at trial level and thereafter upheld on appeal). As appellant's indictment argument fails to allege grounds that would render the 2015 final sentencing order

void *ab initio*, Rule 1:1 barred the trial court from amending, on appellant's motion to vacate, the order convicting appellant of the alleged offenses.

Next, appellant argues that his disproportionate sentence on the underlying offenses violated his right to be free from cruel and unusual punishment. Although appellant couches his argument as a constitutional challenge, he specifically argues that his sentence was disproportionate because of "prosecutorial misconduct" and "obvious perjury [by] the Commonwealth's sole substantive witness." Then, he presents the same witness credibility arguments that he asserted on direct appeal—which this Court and the Supreme Court rejected— to argue that his right "to be free from cruel and unusual punishments" was violated.

It is well-established that "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Jones v. Commonwealth*, 293 Va. 29, 53 (2017). "Just as habeas corpus cannot be used as a substitute for direct appeal, a motion to vacate cannot be used as a substitute for a habeas corpus petition." *Id.* (citation omitted). "Except for the narrow band of situations in which we have recognized the efficacy of motions to vacate to remedy orders that are void *ab initio*, constitutional challenges like the one [appellant] asserts must be properly presented in a timely petition for habeas corpus." *Id.* To be sure, "we have never held, nor are we aware of any court that has held, that a motion to vacate (rather than a petition for habeas corpus) is a proper vehicle under Virginia law to challenge a conviction or sentence based solely on a federal constitutional challenge." *Id.*

Finally, to the extent that appellant's allegations constitute arguments of fraud, those allegations, too, are not proper in a motion to vacate. "'[E]xtrinsic fraud' consists of 'conduct which prevents a fair submission of the controversy to the court' and, therefore, renders the results of the proceedings null and void." *Peet v. Peet*, 16 Va. App. 323, 327 (1993) (quoting

*Jones v. Willard*, 224 Va. 602, 607 (1983)). Conversely, "'intrinsic fraud' includes perjury, . . . or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Id.* (quoting *Jones*, 224 Va. at 607). "When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced." *Id.* (citing *Jones*, 224 Va. at 607). Appellant's allegations of prosecutorial misconduct and perjured testimony demonstrate, at most, intrinsic fraud as they are "means of obscuring facts presented before the court," and are thus not properly collaterally attacked in a motion to vacate. *Id.* (quoting *Jones*, 224 Va. at 607). Accordingly, the trial court did not err by denying appellant's motion to vacate his convictions.

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

*Affirmed*.