COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Causey and Senior Judge Petty
Argued by videoconference


STEPHANIE ANN WADNOLA
                                                    MEMORANDUM OPINION* BY
v.          Record No. 1407-23-1               JUDGE DORIS HENDERSON CAUSEY
                                                        FEBRUARY 4, 2025
CITY OF NORFOLK


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge[1]

W. Barry Montgomery (KPM Law, on briefs), for appellant.

Adam D. Melita, Deputy City Attorney, for appellee.


Restauranter Stephanie Ann Wadnola filed a claim against the City of Norfolk for

defamation when Assistant City Attorney Katherine Taylor told Wadnola's associates that

Wadnola "had been operating her business illegally." On August 8, 2023, following a lengthy

inquiry into the nature of pleading particularities in defamation actions and the binding nature of

unobjected-to jury instructions, the Circuit Court for the City of Norfolk (trial court) set aside a

jury verdict and entered judgment for the defendant, the City of Norfolk.

On appeal, appellant Wadnola argues that the trial court erred in: (1) granting the City of

Norfolk's motion to set aside the verdict and dismissing the case with prejudice; (2) finding that

the statement "Wadnola had been operating her business illegally" was not defamatory per se

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The Honorable Michelle J. Atkins of the Circuit Court for the City of Norfolk also
served as judge during the pendency of this case, and in fact adjudicated the City's demurrer and
subsequent plea in bar, pursuant to an assignment letter dated December 5, 2022. *See also*
*Wadnola v. City of Norfolk*, 111 Va. Cir. 367 (Norfolk 2023) (Atkins, J., granting in part and
denying in party the City of Norfolk's plea of sovereign immunity).

when considered in context; and (3) ruling that she could not proceed on a claim of defamation per quod because she did not specifically plead defamation per quod in her second amended complaint. The City assigns cross-error to the trial court's denial of the City's sovereign immunity plea in bar with regard to the defamation claim asserted by Wadnola.

## BACKGROUND[2]

In September 2016, Stephanie Ann Wadnola purchased the building at 731 Granby Street in Norfolk, Virginia, with the intent of opening a "restaurant lounge" where patrons could "come and enjoy themselves atmosphere wise and enjoy good food." Pursuant to this intent, Wadnola applied for and was granted a conditional use permit that authorized the opening and operation of Jhane's Sweet Lounge, which opened officially at 731 Granby Street in April 2017. Jhane's Sweet Lounge was owned and operated by Jhanesis, LLC, a corporation solely owned by Wadnola. In December 2019, Wadnola agreed to sell Jhanesis, LLC and its personal business property and licenses to Christopher Skipper, co-owner of the company Suite 1200, LLC. Wadnola and Skipper also entered into a lease agreement in which Suite 1200 would lease the building at 731 Granby Street. Wadnola and Donta Williams, the other co-owner of Suite 1200, signed the purchase agreement for Jhanesis, LLC on December 2, 2019, and Suite 1200 began its lease of 731 Granby Street in February 2020. Suite 1200 began operating a restaurant and bar, also called Suite 1200, at 731 Granby Street. Wadnola did not operate any business or restaurant after December 2019.

---

[2] Applying familiar principles of appellate review, we will state the facts "in the light most favorable to . . . the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). Also, because the parties are familiar with the record in this case and this is an unpublished memorandum opinion that has no precedential value, we recite only those facts necessary to explain our decision.

Between December 2019 and March 2020, Wadnola contacted Susan Pollock, a planner for the City of Norfolk, to indicate that she was selling her business. Wadnola wanted to know "what the new owners were going to have to do when taking over." On March 2, 2020, Wadnola accompanied Skipper to Pollock's office where she introduced the two of them and assisted Skipper in obtaining the business license for Suite 1200. Pollock signed the business license, and Skipper received it the same day. While Wadnola's conditional use permit was still in force when she sold the business to Suite 1200, the provision allowing another person other than Wadnola to operate under that permit would expire after 120 days. Suite 1200 never received its own conditional use permit to operate at 731 Granby Street.

On December 9, 2020, the City of Norfolk issued a warrant of arrest against Wadnola for failing to update the manager's list on her conditional use permit as required by city ordinance.[3] On March 23, 2021, Assistant City Attorney Katherine Taylor requested that the City revoke Wadnola's conditional use permit, which they did. Following the revocation of Wadnola's conditional use permit, Suite 1200 received a notice of a violation of a zoning ordinance from the City of Norfolk. Suite 1200 ceased all operations at 731 Granby Street and did not make any further payments toward either the remaining balance on the purchase agreement or toward the lease of 731 Granby Street. Two months later, on May 18, 2021, Williams and Skipper appeared for a hearing on the violation. Assistant City Attorney Taylor moved to nolle pros the violation, and the court granted the motion. At the conclusion of the hearing, after the court had entered its decision, Taylor "pulled" Williams and Skipper to "the back" and told them that it was "an unfortunate situation" and that "Ms. Wadnola had been operating illegally." Skipper and

---

[3] Wadnola did not learn about the warrant until September 16, 2021, when she applied for a concealed weapons permit, and the charge was dismissed on the same day.

Williams tried to obtain more information from Taylor, but she offered no further insight or explanation for her statement or Wadnola's alleged illegal operation.

Later that same day, Williams emailed Michael Migneault, a zoning official for the City of Norfolk, and asked him for Taylor's email address so that he could "follow up about the issues we discussed today about 731 [G]ranby [S]t, and the reasons we are not open." Migneault gave Taylor's email address to Williams, and Williams then emailed Taylor asking for "documentation stat[ing] that it was not involving [S]uite 1200." Taylor provided Williams with a "link to the ordinance that revokes [Wadnola]'s ordinance," but did not respond when Williams replied, "[t]hank you, if you don't mind why was it revoked?" Williams and Skipper later informed Wadnola that Taylor had asserted that Wadnola had been operating her business illegally. At hearing this, Wadnola was "crushed."

On May 4, 2022, Wadnola filed a complaint against the City of Norfolk, Katherine Taylor, Susan Pollock, and Michael Migneault, alleging (1) defamation, (2) malicious prosecution, (3) intentional interference with a contract or business expectancy, (4) intentional interference with a contract expectancy and prospective business relationship, and (5) conspiracy to injure in business. Following a non-suit entered on behalf of the individually named parties, the suit continued against the City of Norfolk.

The City of Norfolk filed a plea in bar asserting its sovereign immunity. On April 17, 2023, Judge Atkins granted the City's plea in bar as to all but the defamation claim. Wadnola's defamation claim continued to trial, where, on April 25, 2023, a jury found in favor of Wadnola, awarding $300,000 in damages. The City moved for judgment notwithstanding the verdict, arguing that Wadnola's evidence was insufficient to prove defamation per se and the jury verdict was therefore unreasonable. On June 27, 2023, the court issued an opinion letter instructing the parties to submit briefing on whether the jury instructions, unobjected to by either party, became

- 4 -

the "law of the case" and supported the jury's verdict, or if entering judgment pursuant to the jury's verdict on a claim not pled would be void. After reviewing the parties' briefs, the court granted the City's motion to set aside the verdict, finding that Taylor's statement was not defamatory per se and that entering a judgment based on the jury's verdict would be to render judgment on a claim not pled. As an additional matter, the trial court declined to disturb Judge Atkins's earlier ruling on the City's sovereign immunity, but allowed the City to assign cross-error to the ruling should Wadnola appeal. The trial court dismissed Wadnola's complaint with prejudice and entered judgment for the City of Norfolk. As explained below, we find no reversible error in the trial court's decision.

## ANALYSIS

I. *The trial court did not err in finding that the statement was not defamatory per se, because it did not impute the commission of a crime of moral turpitude or prejudice Wadnola in her trade or profession.*

In "our appellate review of defamation . . . we look at whether the defamatory statement was actionable[;] [w]hether an alleged defamatory statement is actionable is a question of law to be reviewed *de novo*." *Nestler v. Scarabelli*, 77 Va. App. 440, 452-53 (2023).

> At common-law defamatory words which are actionable *per se* are:
>
> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade. All other defamatory words which, though not in themselves actionable, occasion a person special damages are actionable.

*Fleming v. Moore*, 221 Va. 884, 889 (1981) (citations omitted). When words "allegedly spoken [are] slanderous *per se* . . . damages for embarrassment and humiliation [are] presumed without

- 5 -

proof of pecuniary loss." *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 146 (1985) (overruled on other grounds).

Wadnola argues that the evidence supports a finding that the statement that "[she] had been operating illegally" was defamatory per se because the statement "impute[s] to [her] the commission of some criminal offense involving moral turpitude," *id.*, and "prejudice[s] [her] in her profession or trade," *id*. at 147. Whether a statement imputes the commission of a crime involving moral turpitude is a "question of law to be reviewed *de novo*." *Nestler*, 77 Va. App. at 453; *see Yeagle v. Collegiate Times*, 255 Va. 293, 296 (1998) (stating that "the trial judge, not the finder of fact, must determine whether a statement is defamatory per se because it imputes the commission of a crime involving moral turpitude."). The crime imputed by the statement "Wadnola had been operating illegally" was that Wadnola had violated her conditional use permit. Because the violation of a conditional use permit is not "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general," the trial court did not err in finding that City Attorney Taylor's statement was not defamatory per se under the theory of criminal imputation. *Parr v. Commonwealth*, 198 Va. 721, 724 (1957).

Furthermore, the statement did not prejudice Wadnola in her trade or profession. "Every false and unauthorized imputation, spoken, written or printed which imputes to a business or professional man conduct which tends to injure him in his business or profession is libelous and actionable without allegation or proof of special damages." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 8 (1954). Although this is not an express statement that a person must be actively engaged in her specific profession or trade at the time that the alleged defamatory statement is made, "since the object of the exception [to the general rule that a plaintiff must prove special damages] is to protect the plaintiff in his office or calling, it was decided quite

early that it must appear that he held or was engaged in it, or at least about to be so engaged, when the words complained of were published." William L. Prosser & W. Page Keeton, *Prosser and Keeton on The Law of Torts* § 112, at 791 (W. Page Keeton et al. eds., 5th ed. 1984).[4] Wadnola did not actively engage in or pursue engagement in the restaurant business at any time after December 2019. Thus, at the time the statement that she had been "operating illegally" was made, she was neither engaged in the trade nor about to be so engaged.[5] Because she was not engaged in or about to be engaged in the trade or profession in which this statement would have prejudiced her, the trial court did not err in finding that the statement was not defamatory per se under the theory of prejudicing someone in her trade or profession.

> II. *The trial court did not err in ruling that Wadnola could not proceed on a claim of defamation per quod.*

"A litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings." *Jenkins v. Bay House Assocs., L.P.*, 266 Va. 39, 43 (2003). Wadnola claimed only that Taylor's statement was defamatory per se. "Where a plaintiff does not prevail on a claim of defamation per se, and has not alleged or stated proof of special damages, the plaintiff may not proceed." *Schaecher v. Bouffault*, 290 Va. 83, 100 (2015). Although Wadnola pled that she suffered damage to her reputation, "a sufficient nexus must be pled to show *how* the allegedly defamatory statement

---

[4] While secondary sources are not controlling, our Supreme Court has often cited Prosser and Keeton in its decisions at common law. *See, e.g.*, *RGR, LLC v. Settle*, 288 Va. 260, 276 (2014) (relying on Prosser and Keeton's *The Law of Torts* to explicate qualifications to possessor's rights at common law).

[5] Wadnola asserts that the statement prejudiced her in her trade as a commercial landlord, but the trial court disagreed with the assertion because Wadnola testified to her trade as a restauranteur, and her attorney at trial never argued that she was a commercial landlord by trade. The nature of Wadnola's trade is a question of fact "and will not be disturbed unless it is plainly wrong or without evidence to support it." *Smith v. Bd. of Supervisors*, 201 Va. 87, 91 (1959) (citing to then-Code § 8-491).

degrades [her] reputation." *Id.* (emphasis added). No such nexus was pled. Additionally, while it is true that our Supreme Court ruled in *Fleming* that "'[s]pecial damages'[] . . . are not to be limited to pecuniary loss . . . [and can include] emotional upset and embarrassment," Wadnola pled no such damages, nor did she show such damages at trial.[6] 221 Va. at 894. Therefore, because Wadnola did not plead special damages, the trial court did not err in ruling that she could not proceed on a claim of defamation per quod.

> III. *Because Wadnola did not plead special damages and the statement was not defamatory per se, the trial court did not err in granting the City of Norfolk's motion to set aside the verdict.*

We review the trial court's decision to set aside the verdict under an abuse-of-discretion standard such that the "[trial court's] decision will not be disturbed as long as [the court gives appropriate weight to the appropriate factors] and is not influenced by any mistake of law." *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). In setting aside the verdict and entering judgment for the City of Norfolk, the trial court determined that the jury's verdict was unsupported by the facts of the case as a matter of law. Under well-settled principles of appellate review, "we review the court's application of those facts to the law *de novo*." *Epps v. Commonwealth*, 66 Va. App. 393, 402 (2016). Having found that the trial court did not err in either its determination that the alleged defamatory statement was not defamatory per se or its determination that Wadnola could not proceed on an action of defamation per quod where she

---

[6] In *Fleming*, the plaintiff alleged "that he had been insulted, mortified, held up to ridicule, and humiliated by the statement." 221 Va. at 894. In contrast, Wadnola merely testified at trial that she had been "crushed" when she learned of the statement. While "crushed" indicates a type of "emotional upset," this Court does not find that it is the type and extent of "emotional upset" contemplated by our Supreme Court in *Fleming*.

had not pled the requisite special damages, we must also find that it did not abuse its discretion in setting aside the jury's verdict.

After the hearing on the City's motion to set aside the verdict, the trial court instructed the parties to submit supplemental briefing on whether the jury instructions, having become the "law of the case," supported the verdict or if entering a judgment on that verdict would be to enter judgment on a claim not pled, and thus be void as a matter of law. In this case, the jury instructions allowed the jury to find for Wadnola under the theories of both defamation per se and defamation per quod. These instructions were not objected to by either party. Although "instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review," they do not bind the trial court. *Wintergreen Partners, Inc. v. McGuireWoods, LLP*, 280 Va. 374, 379 (2010). *See also Smith v. Combined Ins. Co.*, 202 Va. 758, 762 (1961) ("instructions given without objection . . . [while] binding on the jury . . . does not mean that the court [is] powerless while the case [is] under its control to correct errors in its rulings on them"). The jury reached its verdict in accordance with Instructions Nos. 9 and 10, which are both defamation per quod instructions based on the model jury instructions VMJI 37.010 and VMJI 37.095. "[A] court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed." *Jenkins*, 266 Va. at 43.

The instructions alone, though purportedly allowing the jury to find for Wadnola even in the absence of a finding that the alleged defamatory statement was defamatory per se, do not change the nature of Wadnola's claim, even when the instructions were agreed upon by both parties. Indeed, such a finding would be in direct opposition to the law: "[w]here a plaintiff does not prevail on a claim of defamation per se, and has not alleged or stated proof of special damages, the plaintiff may not proceed." *Schaecher*, 290 Va. at 100. Because entering judgment

in accordance with the jury's verdict would have been contrary to the law, the trial court did not err in setting aside the jury's verdict and entering judgment for the City of Norfolk.

"As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). "The 'best' answer to a legal question is the one with which the least number of jurists would disagree or, in other words, the one with which the greatest number of jurists would agree," while the "'narrowest' answer to a legal question is the one affecting the least number of cases." *Id.*

## CONCLUSION

For the reasons stated above and finding that the trial court did not abuse its discretion, this Court affirms the decisions of the trial court.

*Affirmed.*